UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **HOSPITALITY BUILDERS, INC.,** | * | CIV. 20-<u>1017</u> |
| Plaintiff, | * | |
| vs. | * | **MOTION TO COMPEL ARBITRATION** |
| | | **AND STAY OTHER PROCEEDINGS** |
| **SPOKANE SOUTH MEDICAL, LLC** | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### NATURE OF THE PROCEEDING

1.     This is an application under the Federal Arbitration Act, 9 U.S.C. §§ 1-10, and the South Dakota Uniform Arbitration Act, S.D.C.L. Ch. 21-25A, to enforce the parties' written agreement providing for mandatory arbitration in the state of South Dakota, and to compel arbitration pursuant to the parties' written arbitration agreement and stay any other proceedings pending arbitration.

### PARTIES

2.     Plaintiff Hospitality Builders, Inc. is a South Dakota corporation with its principal place of business in the state of South Dakota.

3.     Defendant Spokane South Medical, LLC is a Washington limited liability company with its principal place of business in the state of Washington.

## JURISDICTION

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Jurisdiction also exists under the Federal Arbitration Act, 9 U.S.C. §§ 1-10.

5.      Defendant is subject to the personal jurisdiction of this Court because in Section 7.1 of the Addendum and Supplementary Conditions to the parties' Contract (Exhibit A hereto), Defendant expressly consented and submitted to the jurisdiction of this Court and waived any objections relating to such forum and venue.

## VENUE

6.      Venue is proper in this Court in accordance with Section 7.1 of the Addendum and Supplementary Conditions to the parties' Contract (Exhibit A), and because the agreed locale for arbitration under the parties' Contract is Aberdeen, South Dakota.

## THE CONTRACT

7.      The parties entered into a written Contract for the Cost of the Work Plus a Fee dated April 15, 2015 (the Contract") between Plaintiff as Contractor and Defendant as Owner for the construction of a 109-unit Hampton Inn & Suites project and related improvements at Spokane, Washington (the "Project").   A copy of the Contract is attached and incorporated herein by reference as Exhibit A.

8.      The Contract and transactions evidenced thereby involved commerce among the several states within the meaning of 9 U.S.C. § 1.

## THE ARBITRATION AGREEMENT

9.      The Contract includes a written agreement to settle by arbitration any controversy arising out of or related to the Contract or the breach thereof.  Article 7 of the Addendum and Supplementary Conditions to the Contract provides as follows:

ARTICLE 7
MISCELLANEOUS PROVISIONS

7.1      The Contract shall be governed by the law of the State of South Dakota, without regard to any conflicts of laws principles, unless otherwise agreed between the parties.  The parties expressly and specifically agree that the exclusive forum and venue of any litigation or legal proceedings arising under the Contract Documents shall be the United States District Court for the District of South Dakota, Northern Division, or the Fifth Judicial Circuit Court of South Dakota for Brown County, and the parties hereby consent and submit to the jurisdiction thereof and waive any objections relating to such forum and venue.

7.2      *All claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. The parties specifically and expressly agree that the hearing locale for any arbitration proceedings conducted under the Contract Documents shall be in Aberdeen, South Dakota.* Notice of the demand for arbitration shall be filed in writing with the other party to the Owner-Contractor Agreement and with the American Arbitration Association according to the applicable Rules. Any claims or disputes between Contractor and one or more Subcontractors shall be consolidated and joined with arbitration between Contractor and Owner where it is shown that (1) the parties are substantially involved in one or more common questions of fact or law, or (2) in the absence of such consolidation complete relief cannot be accorded in the arbitration, and (3) the interest or responsibility of the person(s) to be joined is not insubstantial. *The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. This agreement to arbitrate shall be specifically enforceable under prevailing Federal and State arbitration laws.* In any legal proceedings to compel arbitration in accordance with this agreement, or to stay litigation pending such arbitration, the prevailing party shall be entitled to recover its attorney fees and expenses from the other party. (Emphasis added).

10. The parties' written arbitration agreement is valid, irrevocable, and enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 2 and the South Dakota Arbitration Act, S.D.C.L. 21-25A-1.

## THE PENDING ARBITRATION

11. Defendant defaulted under the Contract by failing and refusing to pay Plaintiff's outstanding and past due Applications for Payment of all Costs of the Work, Contractor's Fees, and interest in accordance with the terms of the Contract, in the amount of $716,990.98 as of November 20, 2019. Plaintiff terminated the Contract effective as of November 29, 2019 based on Defendant's defaults.

12. On January 10, 2020 Plaintiff commenced arbitration against Defendant by serving and filing a Demand for Arbitration with the American Arbitration Association ("AAA") in accordance with the AAA's Construction Industry Arbitration Rules. A copy of the Demand for Arbitration is attached and incorporated herein by reference as Exhibit B. The AAA commenced administration of the arbitration as AAA Case No. 02-20-0000-1049 ("the Arbitration").

13. On January 28, 2020 Defendant served and filed its Answering Statement and Counterclaims in the Arbitration. Defendant raised no objections to the Arbitration or the jurisdiction of the AAA and the Arbitrators over the claims, counterclaims and disputes asserted by the parties. A copy of the Answering Statement and Counterclaims is attached hereto and incorporated herein by reference as Exhibit C.

14. On January 31, 2020 Plaintiff served and filed its Reply to Defendant's Answering Statement and Counterclaims in the Arbitration. A copy of the Reply to Answering Statement and Counterclaims is attached and incorporated herein by reference as Exhibit D.

4

15.     In accordance with the Construction Industry Arbitration Rules and by agreement of the parties the AAA appointed and confirmed Greg Bistram, Esq., Paul Jacobsen, Esq. and Shamus O'Meara, Esq. to serve as Arbitrators for the case.

16.     On July 29, 2020 the Arbitrators entered a Report on Preliminary Hearing and Scheduling Order setting various deadlines and scheduling a final Arbitration hearing commencing on September 13, 2021.   A copy of the Report on Preliminary Hearing and Scheduling Order is attached and incorporated herein by reference as Exhibit E.

## PLAINTIFF'S MECHANIC'S LIEN AND WASHINGTON STATE COURT ACTION TO PRESERVE LIEN PENDING ARBITRATION

17.     On November 26, 2019 Plaintiff recorded with the Spokane County, Washington Auditor's Office a Claim of Lien (the "Lien") against the Project in the principal amount of $716,990.98 based on Defendant's payment defaults up to that time.  A copy of the Lien is attached and incorporated herein by reference as Exhibit F. The Lien was filed as security for payment of the amounts due and subsequently claimed in Plaintiff's Demand for Arbitration.

18.     In order to preserve the Lien against expiration under applicable Washington statutes pending the Arbitration, on July 23, 2020 Plaintiff filed a Complaint for Foreclosure of Lien in Washington State Court for Spokane County (the "Complaint").   A copy of the Complaint filed in Washington State Court is attached and incorporated herein as Exhibit G.

19.     The Complaint specifically referred to the pending Arbitration and included the following specific allegations and reservations:

3.12    The Contract includes an agreement for arbitration of all claims or disputes between HBI and Spokane South arising out or relating to the Contract or the breach thereof, in accordance with the Construction Industry Rules of the American Arbitration Association ("AAA"), and specifying Aberdeen, South Dakota as the hearing locale. Such arbitration agreement is valid, irrevocable, and enforceable pursuant to the Federal

Arbitration Act, 9 U.S.C. § 2 and the South Dakota Arbitration Act, S.D.C.L. 21-25A-1.

3.13   On or about January 10, 2020 HBI commenced arbitration against Spokane South by filing a Demand for Arbitration with the AAA. The arbitration is being administered as AAA Case No. 02-20-0000-1049 ("the Arbitration").   Three arbitrators have been appointed to hear and determine the claims, counterclaims, and disputes between HBI and Spokane South.

3.14   The total amounts which HBI is entitled to recover against Spokane South, as well as any other claims and disputes among the parties, are matters subject to arbitration which must be determined in the Arbitration. Proceedings for confirmation of any arbitration award are subject to the jurisdiction of the United States District Court for the District of South Dakota, Northern Division, or the Fifth Judicial Circuit Court of South Dakota for Brown County, as provided by the Contract.

. . .

4.6   HBI is commencing this action to preserve and foreclose the lien, but nothing herein may be construed to waive any of HBI's rights, remedies, claims, or defenses under the Contract or applicable law, including but not limited to the claims asserted and relief sought by HBI in the Arbitration.

4.7   Further, nothing herein may be construed as HBI's consent that Spokane South is entitled to assert any claim or counterclaim against HBI other than in the Arbitration.

The Prayer for Relief of the Complaint was stated as follows:

1.   For a stay of this action pending the Arbitration and any proceedings to confirm and enter judgment on the Arbitration award;

2.   Upon and subject to confirmation of the Arbitration award, for judgment against the Property in the principal sum of $716,990.98, plus interest, costs, and attorney's fees;

. . . .

20.   The AAA's Construction Industry Arbitration Rules, which the parties agreed would govern the Arbitration, specifically provide that instituting the Washington Lien foreclosure/preservation action is not a waiver of the right to arbitrate.   Rule R-54(a) provides that [*n]o judicial proceeding by a party relating to the subject matter of the arbitration shall be*

***deemed a waiver of the party's right to arbitrate.*** (Emphasis added). The AAA Construction Industry Arbitration Rules, of which the Court may take judicial notice, are available online at www.adr.org.

## DEFENDANT'S ANSWER AND COUNTERCLAIMS IN WASHINGTON ACTION TO PRESERVE LIEN PENDING ARBITRATION

21.     Prior to proceeding with the Washington action to preserve the Lien, Plaintiff's Washington counsel contacted Defendant's counsel to propose the parties enter into a "tolling agreement" to stay the Washington litigation pending the Arbitration. Defendant declined this proposal.

22.     On August 6, 2020 Defendant served and filed its Answer and Counterclaims in the Washington State Court action. A copy of Defendant's Answer and Counterclaims is attached and incorporated herein by reference as Exhibit H.

23.     In its Answer and Counterclaims in Washington State Court, Defendant is claiming Plaintiff "waived" its rights to pursue the Arbitration or compel arbitration by filing the Lien and/or Complaint to preserve the Lien pending Arbitration. Defendant is asserting the same Counterclaims in Washington State Court that Defendant already asserted and agreed to have determined in the Arbitration. Defendant's Prayer for Relief in Washington State Court asks for "judgment dismissing the AAA Arbitration; "judgment releasing HBI's lien and dismissing HBI's lien foreclosure claim;" and "judgment in favor of Spokane South on its counterclaims, in an amount to be established at trial."

## DEFENDANT'S REFUSAL TO HONOR THE ARBITRATION AGREEMENT

24.     Based on Defendant's Answer and Counterclaims in Washington State Court (Exhibit H), it appears Defendant is refusing to arbitrate according to the parties' Contract and is instead attempting an end run around the Arbitration by asking a Washington State court judge to

"dismiss" the Arbitration and litigate the merits of the same Counterclaims Defendant has already submitted to the Arbitration.

## RELIEF REQUESTED BY PLAINTIFF

Plaintiff respectfully applies to the Court for an Order granting the following relief:

A.      Pursuant to 9 U.S.C. § 4 and S.D.C.L. § 21-25A-5, compelling and directing the Arbitration between the parties proceed in the manner provided for in the parties' arbitration agreement contained in their Contract, with the hearing locale at Aberdeen, South Dakota, and that any disputes or counterclaims asserted by Defendant arising out of or related to the Contract must be submitted to and determined only in such Arbitration;

B.      Pursuant to 9 U.S.C. § 3 and S.D.C.L. § 21-25A-7, staying, restraining and prohibiting Defendant and its attorneys from pursuing any claims for relief against Plaintiff in Washington State Court or in any other forum other than in the Arbitration or in this Court, including any efforts or attempts to "dismiss" or stay the Arbitration or assert Counterclaims against Plaintiff, pending completion of the Arbitration and any related proceedings in this Court; and

C.      Reserving jurisdiction over this matter and over the parties in order to award Plaintiff its costs, disbursements, and attorney fees in this proceeding; to confirm and enter judgment upon the arbitration award; and to grant such other and further relief as the Court deems just and proper.

This Motion is supported by the Brief submitted herewith and incorporated herein by reference.

Dated: September 3, 2020.

HALL LAW FIRM

_/s/ Ronald J. Hall_
Ronald J. Hall
Attorney for Plaintiff
405 8th Avenue NW Suite 327
Aberdeen, SD  57401-2715
Telephone No.: (605) 225-1652
Fax No.  (605) 225-0761
Email:  ron@rhalllaw.com

# VERIFICATION

STATE OF SOUTH DAKOTA)

COUNTY OF PENNINGTON)

 Donald J. Hambek, Vice President of Plaintiff Hospitality Builders, Inc., being first duly sworn on oath, states and affirms he has reviewed the foregoing Motion to Compel Arbitration and Stay Other Proceedings and the Exhibits hereto, and hereby verifies that all matters stated and alleged therein are true and correct to the best of his knowledge, information and belief.

 Donald J. Hambek,
Vice President, Hospitality Builders, Inc.

Subscribed and sworn to before me this 2nd day of September, 2020.

Stephanie Stover
Seal NOTARY PUBLIC Seal
State of South Dakota

Notary Public, South Dakota
My Commission Expires: 3·11·2023

(Notarial Seal)

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Hospitality Builders, Inc. | Spokane South Medical, LLC |

**(b)** County of Residence of First Listed Plaintiff  Pennington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Spokane, WA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ronald J. Hall, Hall Law Firm, 405 8th Ave NW, Ste 327, Aberdeen, SD 57401
(605) 225-1652

Attorneys *(If Known)*

Bryce J. Wilcox, Lee & Hayes, 601 W Riverside, Ste 1400, Spokane, WA 99201
(509) 944-4629

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☒ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.§ 1332 (diversity); Federal Arbitaion Act, 9 U.S.C. §§ 1-10

Brief description of cause:
Motion to compel arbitration and stay other proceedings under Federal Arbitraiton Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 09/03/2020 | /s/ Ronald J. Hall |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____