**AMERICAN ARBITRATION ASSOCIATION**
**Construction Arbitration Tribunal**

In the matter of the Arbitration between

Hospitality Builders, Inc.

    Claimant,

vs.

Spokane South Medical, LLC

    Respondent

**REPORT ON PRELIMINARY HEARING AND SCHEDULING ORDER**

Case No. 02-20-0000-1049
AAA Case Administrator
Chelsey Gaida

Pursuant to the Procedures for Regular Construction Disputes of the Construction Industry Arbitration Rules (the "Rules") of the American Arbitration Association (American Arbitration Association), a preliminary hearing was held on July 28, 2020, before Arbitrators Paul Jacobsen, Shamus O'Meara and Greg Bistram (collectively referred to as the "Panel"), in the above referenced matter. Ron Hall appeared on behalf of Claimant Hospitality Builders, Inc ("HBI") and Bryce Wilcox appeared on behalf of Respondent Spokane South Medical, LLC ("SSM"). By Agreement of the Parties and Order of the Arbitrators, the following schedule is now in effect.

1.     **Hearing.** A Final Hearing in this matter will commence before the Panel on September 13, 2021, at 9:00 a.m. The Parties estimate that this case will require up to 10 days of hearing time, inclusive of arguments. The Parties have reserved September 13-17 and September 20-24, 2021 as available dates for the hearing. The arbitration will be held in Aberdeen, South Dakota, at the Dakota Events Center. Counsel for HBI has agreed to confirm the arbitration space within 90

EXHIBIT E

days from the date of this order. This is a firm setting, and will not be changed or continued absent a showing of good cause. **This shall serve as the Notice of Hearing in this matter.**

2. **Availability of Witnesses.** The Parties shall make arrangements to schedule the attendance of witnesses at the evidentiary hearing so that the hearing can proceed with all due expedition and without any unnecessary delay.

3. **Additional Pre-hearing/Status Conference.** An additional pre-hearing or status conference call is scheduled for April 1, 2021, at 12:00 noon central time before the Panel. The Parties shall confer regarding a proposed agenda and shall submit a proposed agenda for the call no later than March 30, 2021. If no agenda is provided, the call will be vacated absent further direction of the Panel. This call may also be vacated upon the mutual agreement of the Parties.

4. **Claims and Defenses.** HBI (and SSM to the extent it has affirmative claims) shall serve the Panel and opposing counsel with a written specification of their stated claims and damages, inclusive of any amendments from the original demand, on or before February 1, 2021. Responses to claims or counterclaims shall be served on the Panel and opposing counsel with a written specification of its defenses, inclusive of any amendments from the original response, on or before February 16, 2021. The written statements of claims, defenses and/or counterclaims shall include a statement identifying the factual and legal basis for the claims or defenses, a preliminary summary of damages claimed, and an explanation of how damages were calculated.

5. **Dispositive Motions.** The deadline for filing of any dispositive motions shall be August 6, 2021. Motions and all supporting memoranda and exhibits shall be

served upon opposing counsel on or before that date. With regard to dispositive motions, no dispositive motions shall be filed without advanced consent of the Panel. Application to file a dispositive motion shall be filed with the American Arbitration Association case manager and the Panel by letter or by email not to exceed 3 pages; describing 1) the motion the Party wishes to file, 2) the factual and legal basis for the motion, and 3) the reasons why the motion needs to be filed and how it will expedite resolution of the case or otherwise benefit the Parties. The letter/email shall contain a certification that the requesting Party has in good faith conferred with the opposing Party about the proposed motion prior to any Party requesting that a Motion be filed. The certification shall state whether the relief sought by the motion has been agreed to by the Parties or will be opposed. If no conference has occurred, the reason why must be stated. An opposing Party may submit a responsive letter, not to exceed 3 pages; within 7 days of its receipt of a letter requesting a motion. Parties are advised that it is unlikely that dispositive motions which require resolution of disputed facts, without a hearing, will be granted. All other applications or requests for advice or direction from the Panel may be made informally by email or joint telephone conference. Formal motion procedure is not required, although it is allowed if the Parties wish. Any request for permission to file a dispositive motion shall be made not later than July 23, 2021.

6. **Non-Dispositive Motions.** With regard to all non-dispositive motions, the non-moving Party shall have 7 days to prepare and serve its response to any motions unless otherwise directed by the Panel. Non-Dispositive Motions will be decided based on the written submissions unless the Panel specifically requests oral argument. All submissions shall be served upon all opposing Parties and filed with the American Arbitration Association, with a copy to the Panel. On

3

agreement of the Parties, non-dispositive issues may be determined by the Panel Chair alone.

7. **Initial Disclosure of Documents.** The Parties shall gather and produce for inspection by the opposing Party no later than December 1, 2020, all documents upon which they intend to rely and their project files, inclusive of hard copies or electronic data, and all records, documents, notes, correspondence or other materials arising from or related to the project and subject matter addressed in the arbitration demand and in the statements of claim and responses, along with the billings, costs and expenses and any damage documentation arising from or relating to the claims at issue (the "Project Documents"). Once the Project Documents have been produced, the opposing Party may obtain copies of some or all of the identified Project Documents conditioned only upon the requesting Party's agreement to pay the costs of copying or production for the requested Project Documents. In lieu of producing Project Documents for inspection, a Party may simply produce its Project Documents electronically in a format mutually agreeable to the Parties. Produced Project Documents should be bates labeled for identification.

8. **Written Discovery.** After review of the Project Documents produced per the voluntary production, but no later than January 4, 2021, any Party may submit written requests for additional documents or materials or other written discovery (the "Discovery Requests"). Each Party shall respond to the Discovery Requests no later than February 5, 2021. In the event of objections to either the supplemental document requests or the responses, the Parties shall attempt in the

4

first instance to resolve the objections. If the Parties are unable to resolve the objections, the Parties may present the dispute to the Panel Chair for resolution.

9. **Discovery Deadline:** The discovery cutoff shall be July 30, 2021. All discovery shall be served and noted such that all responses and discovery proceedings will be completed by that date. Late-filed motions to compel or discovery disputes are insufficient to cause a postponement of the evidentiary hearing scheduled between the Parties.

10. **Subpoenas:** Subpoenas to secure the appearance of non-Party witnesses or documents will be issued by the Panel Chair. The Party requesting the subpoena shall disclose the subpoena to and shall confer with all other Parties prior to requesting its issuance and shall indicate if any Party opposes the issuance. Subpoenas related to discovery shall be submitted to the Panel Chair with copies to other Panel members on or before a date 20 days in advance of the return date for the Subpoena. Subpoenas for the attendance of witnesses at the hearing shall be copied to the other Party and submitted no later than 20 days prior to the commencement of the evidentiary hearing. Any Party objecting to a subpoena shall do so within 5 days from receipt of service. The Panel Chair shall issue the subpoena(s) absent objection.

11. **Expert Witness Disclosures.** The Parties shall make expert witness disclosures, if applicable, through formal written expert witness reports or through responses to interrogatories. If any of the Parties intend to present the testimony of independent consulting experts in support of affirmative claims or defenses to be presented by the Parties, then the disclosure of the identity of such experts, the subject matter of the anticipated testimony and the summary of testimony to be offered shall be made on or before May 25, 2021. Each Party shall then have

5

until July 1, 2021, to identify and disclose any rebuttal expert witnesses or make any supplemental disclosures required to respond to or rebut the initial disclosures by the opposing Party. The expert witness disclosures shall include the names and address of the experts, the copies of any expert witness reports prepared, or if reports have not been prepared, then disclosures shall be made consistent with rule 26 of the Federal Rules of Civil Procedure. Parties shall also provide a written C.V. for each expert identified. If certain required information is not available, the disclosures shall so state. Each Party shall be responsible for updating its disclosures as such information becomes available. The duty to update this information continues up to and including the date that hearings in this matter commence. Any reports prepared, but not disclosed to other Parties consistent with these disclosure deadlines, will not be allowed to be presented in evidence absent mutual agreement of the Parties or good cause shown. The substance of each expert's testimony and opinions must fairly and reasonably be addressed in the expert's report or disclosures. There shall be no additional discovery of experts, except on good cause shown to the Panel.

12. **Stipulation of Uncontested Facts.** The Parties may, but are not required to submit a stipulation of uncontested facts. Should the parties choose to submit a stipulation of uncontested fact, they should do so on or before August 30, 2021.

13. **Exhibits and Witness Lists.** Not later than August 30, 2021, the Parties shall exchange preliminary witness and exhibit lists reflecting all witnesses or exhibits that each Party intends to present at the hearing. The Parties shall make available for inspection (or, on request, provide copies at the requesting Party's expense) all exhibits to be offered and all schedules, summaries, diagrams and charts to be

used at the hearing. The American Arbitration Association does not require a copy of the exhibits. Each Party shall bring sufficient copies to the hearing for opposing Parties, the Arbitrators, and the witness. If exhibits are to be presented in electronic fashion, Parties shall confirm this intent prior to the hearing and be responsible for the provision of projectors, screens or other items as necessary to efficiently locate and display exhibits in electronic format. Each proposed exhibit shall be pre-marked for identification using the following designations:

| Party | Exhibit # | To Exhibit # |
|---|---|---|
| HBI | C1 | C100 |
| SSM | R101 | R200 |
| | | |

The Parties shall adjust the designations above if exhibits exceed the ranges set forth in this order. The Parties shall also attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits. Joint Exhibits shall be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.).

14. **Pre-hearing Memoranda.** On or before August 30, 2021, each Party may serve upon the Panel and opposing Parties a prehearing memorandum addressing all significant disputed issues, setting forth briefly the Party's position and the supporting arguments and authorities. Any supplementation or addition to any witness or exhibit lists following review of the initial disclosures of this information shall also be completed on or before September 7, 2021.

15. **Communication.** The Parties agree to participate in Accelerated Exchange, provided there is no ex-parte communication with any individual Arbitrator or the Panel regarding this matter. The Parties may communicate directly with the Panel

by submitting documents to the Panel and also sending copies to the other Parties and originals to the American Arbitration Association Director (except for Hearing exhibits and discovery documents). Email submission of documents and email requests for action by the Panel are allowed, providing again that the American Arbitration Association Director and all Parties also receive copies of all of these. For convenience of the Parties, the following are the email addresses to be used:

For Claimant HBI:

| | |
|---|---|
| Ronald J. Hall | ron@rhalllaw.com |
| Carol Ginsbach | carol@rhalllaw.com |

For Respondent SSM

| | |
|---|---|
| Bryce Wilcox | Bryce@leehayes.com |
| Shelly Gleason | ShellyG@leehayes.com |

For the Panel:

| | |
|---|---|
| Gregory M. Bistram | greg@bistramadr.com; |
| Paul Jacobsen | paul@jacobsenlaw.com |
| Shamus O'Meara | spomeara@olwklaw.com |

For American Arbitration Association:

| | |
|---|---|
| Chelsey Gaida | ChelseyGaida@adr.org |

There shall be no direct oral or written communication between the Parties and the Panel except as contemplated by this Order.

16. **Court Reporter.** If either Party desires a court reporter to transcribe proceedings, it will advise other Parties no later than 10 days in advance of the hearing and agree to be exclusively responsible for payment of the court reporter. All Parties

shall have access to transcripts produced by court reporter subject to agreement on compensation for the transcripts or copies.

17. **Cybersecurity.** Having reviewed the AAA-ICDR Best Practices Guide for Maintaining Cybersecurity and Privacy and discussing what specific procedures might be required with regard to cybersecurity, privacy, and data protection in order to ensure a proper level of security in this case, the Parties have agreed to apply reasonable cybersecurity measures, consistent with their current business practices.

18. **Form of Award.** The Panel shall issue a Reasoned Award absent mutual agreement of the Parties in writing that a different form of award is required.

19. **Panel Acceptance.** The Parties have accepted the arbitration Panel appointed in this matter after consideration of the Panel's disclosures.

20. **Disclosures of the Arbitrators.** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing each Arbitrator on the Panel the information necessary to allow him to comply with his ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of an Arbitrator serving on the Panel shall be raised promptly with the American Arbitration Association Director.

21. **Mediation.** Mediation and Judicial Settlement Conference Services are available from the American Arbitration Association. There is no additional filing fee to initiate either service.

22. **Deadline Enforcement.** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect unless and until amended by subsequent order of the Panel.

23. **Deadline for Preliminary Matters.** Pursuant to the direction of the Panel, any other preliminary matters not otherwise provided for herein shall be raised by the Parties as necessary and appropriate.

Dated: July 29, 2020

ARBITRATORS

_/s/ Greg Bistram_

Greg Bistram- Panel Chair