*Collette Leland*

1

2

3

4

5

6

7

8

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY

9

HOSPITALITY BUILDERS, INC., a foreign
corporation,

No.   20-2-02002-32

10

           Plaintiff,

11

    vs.

SPOKANE SOUTH MEDICAL LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT
FOR FORECLOSURE OF LIEN,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS

12

13

SPOKANE SOUTH MEDICAL LLC, a
Washington limited liability company;
MOUNTAIN AMERICA FEDERAL CREDIT
UNION, a foreign corporation,

14

15

          Defendants.

16

Defendant Spokane South Medical LLC ("Defendant"), by and through its

17

undersigned counsel, answer Plaintiff's Complaint as follows:

18

**I.**       **JURISDICTION AND VENUE**

19

    1.1.     The allegation contained in paragraph 1.1 of Plaintiff's Complaint calls for a

20

legal conclusion.  To the extent an answer is required, Defendant denies the same.

21

    1.2.     Defendant admits the improved real property is located at 675 S. McClellan

22

Street, Spokane, WA ("Property"). The remainder of the allegation is a legal conclusion to

23

which no response is required.

24

**II.**      **PARTIES**

25

    2.1.     Upon information and belief, Defendant admits Plaintiff is a South Dakota

26

company.  Defendant is without sufficient knowledge or information to admit or deny the

27

**EXHIBIT H**

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 1

LEE & HAYES, PC
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

1   remaining allegations contained in paragraph 2.1 of Plaintiff's Complaint and therefore denies

2   the same.

3        2.2.      Admitted.

4        2.3.      Defendant is without sufficient knowledge or information to admit or deny the

5   allegations contained in paragraph 2.3 of Plaintiff's Complaint and therefore denies the same.

6   **III.**         **STATEMENT OF FACTS**

7        3.1.      To the extent an answer is required for paragraph 3.1 of Plaintiff's Complaint,

8   the Property's legal description is what is set forth in the records of Spokane County.

9        3.2.      Defendant admits that Mountain America is a holder of a deed of trust secured

10   by the Property. As to the remaining allegations in paragraph 3.2, Defendant is without

11   sufficient knowledge or information to admit or deny and therefore denies the same.

12        3.3.      Defendant admits entering a contract with Plaintiff in 2015. As to the remaining

13   allegation in paragraph 3.3, interpretation of the Contract requires conclusions of law, to which

14   a response is not required.

15        3.4.      Defendant is without sufficient knowledge or information to admit or deny the

16   allegations in paragraph 3.4 and therefore denies the same.

17        3.5.      Denied.

18        3.6.      Defendant is without sufficient knowledge or information to admit or deny the

19   allegations in paragraph 3.6 and therefore denies the same.

20        3.7.      Defendant is without sufficient knowledge or information to admit or deny the

21   allegations in paragraph 3.7 and therefore denies the same.

22        3.8.      Defendant is without sufficient knowledge or information to admit or deny the

23   allegations in paragraph 3.8 and therefore denies the same.

24        3.9.      Defendant is without sufficient knowledge or information to admit or deny the

25   allegations in paragraph 3.9 and therefore denies the same.

26        3.10.     Defendant is without sufficient knowledge or information to admit or deny the

27   allegations in paragraph 3.10 and therefore denies the same.

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 2

**LEE & HAYES, PC**
601 W. Riverside Ave, Suite 1400
Spokane, WA 99201

1   3.11.   Denied.

2   3.12.   Defendant admits the parties' contract contains an arbitration clause.  As to the

3   remainder of the allegations contained in paragraph 3.12, interpretation of the Contract requires

4   conclusions of law, to which a response is not required.

5   3.13.   Paragraph 3.13 is a conclusion of law to which no response is required.

6   3.14.   Defendant admits Plaintiff commenced an arbitration with the AAA and that the

7   matter is pending, with a hearing set for September 2021 in Aberdeen, South Dakota.  However,

8   by pursuing a lien under Washington law and seeking foreclosure in this lawsuit, Defendant has

9   waived its right to arbitrate the claims.

10   3.15.   Denied.

11   3.16.   Paragraph 3.16 is a conclusion of law to which no response is required.

12   **IV.     CAUSE OF ACTION – LIEN FORECLOSURE**

13   4.1.   Defendant realleges each and every answer stated in the foregoing paragraphs as

14   if fully set forth herein.

15   4.2.   The allegations contained in paragraph 4.2 of Plaintiff's Complaint call for  legal

16   conclusions and therefore no response is required.  To the extent an answer is required,

17   Defendant denies the same.

18   4.3.   Denied.

19   4.4.   Paragraph 4.4 is a conclusion of law and thus no response is required.

20   4.5.   Paragraph 4.5 is a conclusion of law and thus no response is required.

21   4.6.   Paragraph 4.6 is a conclusion of law and thus no response is required.

22   4.7.   Paragraph 4.7 is a conclusion of law and thus no response is required.

23

24   **V.     PRAYER FOR RELIEF**

25   Defendant denies the allegations contained in Plaintiff's Prayer for Relief. Defendant

26   denies that the Plaintiff is entitled to an award of any relief whatsoever and denies that Plaintiff

27   is entitled to any of the general or specific relief sought in the Plaintiff's Prayer for Relief.

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 3

**LEE & HAYES, PC**
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

1    Plaintiff's Prayer should thus be denied in its entirety with prejudice, and Plaintiff should take

2    nothing against Defendant.

3                                   **AFFIRMATIVE DEFENSES**

4            Without conceding that any of the following necessarily must be pled as a defense, or

5    that any of the following is not already at issue by virtue of the foregoing denials, and without

6    prejudice to Defendant's right to plead additional defenses as discovery of the facts of the

7    matter warrant, Defendant asserts the following defenses:

8            1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

9            2.      Plaintiff waived its right to compel arbitration when it filed a mechanics lien

10   under Washington law and filed this lien foreclosure action.

11           3.      Defendant is estopped from attempting to rely upon Washington lien law and at

12   the same time insist on costly and time consuming AAA arbitration applying the law of South

13   Dakota.

14           4.      Alternatively, if Plaintiff has not waived its right to pursue arbitration in South

15   Dakota, the parties' contract states that South Dakota law applies and arbitration is the sole and

16   exclusive forum for the parties to address their disputes. Accordingly, HBI has waived its ability

17   to avail itself of the protections of Washington law, including Washington's lien statutes and,

18   therefore, Plaintiff's lien and this lawsuit must be dismissed.

19           5.      Alternatively, if arbitration was not waived, Plaintiff's lien is frivolous and/or

20   excessive and must be released pursuant to RCW 60.08.080 and this lawsuit must therefore also

21   be dismissed.

22           6.      Plaintiff's lien and lien foreclosure action is barred by the doctrine of election of

23   remedies.

24           7.      Plaintiff's actions and negligence should bar recovery in this action by the

25   Unclean Hands doctrine and laches. Plaintiff's wrongful conduct precludes it from seeking

26   relief and the Complaint should be dismissed.

27

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 4

**LEE & HAYES, PC**
601 W. Riverside Ave, Suite 1400
Spokane, WA 99201

1

**RESERVATION OF RIGHT TO AMEND**

2   The facts having not been fully developed, Defendant specifically reserves the right to

3 amend this answer by way of adding additional affirmative defenses, counterclaims,

4 crossclaims, or by instituting third-party actions as additional facts are obtained through further

5 investigation and discovery.

6

**COUNTERCLAIM**

7   Defendant/Counterclaimant Spokane South Medical, LLC, by and through its

8 undersigned counsel, incorporates its answers and affirmative defenses as set forth above, and

9 alleges a counterclaim against Plaintiff/Counterclaim defendant Hospitality Builders, Inc.

10 ("HBI") as follows:

11

**I. THE PARTIES**

12   1.  Spokane South Medical, LLC ("Spokane South") is a Washington limited

13 liability company with its primary place of business in Spokane, Washington.

14   2.  Upon information and belief, HBI is and was a South Dakota corporation,

15 registered to do business in the State of Washington.

16

**II. JURISDICTION AND VENUE**

17   3.  Jurisdiction and venue are proper in Spokane County, pursuant to RCW 4.12 *et*

18 *seq*, RCW 4.28.180, 4.28.185.

19

**III. FACTS**

20   1.  In 2013, HBI and Spokane South began discussions concerning constructing a

21 hotel and parking garage in Spokane, Washington.

22   2.  Spokane South was advised that HBI was a long-standing, stable company with

23 highly experienced employees, which would enable HBI to construct the hotel and parking

24 garage faster and more efficiently than other companies.  HBI also stated it could bring in

25 subcontractors that were high quality, reliable and who provided HBI with favorable prices

26 because of all the work they did together.

27

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 5

LEE & HAYES, PC
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

3.      HBI also represented that its vast experience and ability to value engineer would enable it to construct the hotel and parking garage at lower costs.

4.      In or about November 2015, HBI and Spokane South signed a modified version of the AIA Document A103-2007, incorporating General Conditions of the Contract for Construction A201 -2007 ("Contract").

5.      Construction on the Hotel began in February 2016, and immediately thereafter Spokane South began experiencing problems with HBI's performance under the Contract.[1] Over an extended period, Spokane South attempted, in good faith, to work with HBI to resolve the issues, with the goal to minimize damages and get the Hotel completed and open as soon as possible.

6.      However, because of repeated and ongoing deficiencies in HBI's performance under the Contract, its persistent failure and/or neglect to carry out work in accordance with the Contract, and its numerous material breaches of the Contract, Spokane South provided notice of termination of the Contract on November 19, 2019.

7.      As provided for in the Contract, Spokane South obtained a certification by the project architect that termination was justified: As stated by Dale Johnson (Architect) and Kol Nelson (Construction Administrator): "I hereby certify under Article 13.2 of the Contract, that sufficient cause exists to justify Spokane South to terminate the Contract." Mitigating its damages, Spokane South supervised the remaining work needed to complete the Hotel, which opened for business on December 27, 2019.

8.      HBI negligently mismanaged construction of the Hotel, resulting in substantial cost overruns far in excess of what could be considered reasonable under the circumstances.

---

[1] Vandals started a fire in the parking structure of the unfinished Hotel on November 16, 2018. The fire and resulting damage caused a delay in completion of the Hotel.  The delay caused by the fire is not attributable to HBI's performance. Had HBI timely performed its contractual duties, the Hotel should have been constructed and open by November 2018, and there would have been no fire.

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 6

**LEE & HAYES, PC**
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

9.    HBI induced Spokane South to hire it to build the Hotel based on materially false and misleading representations about its expertise in building hotels and the qualifications and experience of the employees and subcontractors it anticipated using on this project.

10.    Notably, HBI employed at least seven (7) different individuals who acted as Project Managers and three (3) site superintendents during the course of construction. The lack of continuity in project leadership, and HBI's mismanagement, was a contributing factor in Spokane South's damages.

11.    HBI also failed to prepare and follow a construction schedule, which substantially hindered the construction process and contributed to the delays, cost overruns, and construction defects.

12.    HBI also failed to reasonably and timely engage and manage its subcontractors, in violation of its contractual obligation to do so, which contributed to the construction delays, construction defects and cost overruns. Numerous subcontractors asked HBI for a construction schedule to facilitate coordinating their work and requested leadership from HBI's site supervisor, who repeatedly refused.

13.    HBI also failed to hire and supervise experienced project managers and site supervisors, and engage in reasonable efforts to ensure those it did hire performed their job duties and functions.  HBI also hindered its project managers and site supervisors from properly performing their job duties.

14.    HBI's numerous defaults caused Spokane South to incur substantial damages and make payments to HBI not required under the Contract, in an amount to be established at trial. The numerous and repeated defects in construction required corrective action, the cost of which was billed to and paid by Spokane South, with HBI not accepting responsibility for the defects, all in breach of the Contract and which resulted in overpayment to HBI.  These billings were made in connection with false and/or misleading change orders that hid the true nature of what was actually taking place.

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 7

LEE & HAYES, PC
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract – Reimbursement for Amounts Overpaid)

1.      The Contract entitled HBI to be paid and reimbursed for "Cost of Work." Article 8.1 of the Contract specifies that the "term Cost of Work shall not include" any of the items set forth in Article 8.  Specifically, Article 8.1.6 of the Contract states that Cost of Work shall not include "costs due solely to the negligence or failure to fulfil a specific responsibility of the Contractor."

2.      Spokane South was billed and paid for work under the Contract that was not Cost of Work it was obligated to pay.  Further, Spokane South was billed and paid HBI a Contractor Fee of 12.5% and taxes based on alleged Cost of Work that it was not obligated to pay. Spokane South is entitled to reimbursement of the amounts it over paid, in an amount to be established at trial, plus reasonable attorney fees and costs.

### SECOND CAUSE OF ACTION
### (Breach of Contract – Failure to Employ a Construction Schedule)

3. It is critically important in a construction project to create, keep current and follow a current written construction schedule.

4.      Upon information and belief, HBI did not follow a current construction schedule, in violation of its contractual obligations, resulting in numerous errors, defects, and construction delays, all of which caused Spokane South to incur harm and damage, in an amount to be established at trial, including reasonable attorney fees and costs.

### THIRD CAUSE OF ACTION
### (Breach of Contract – Warranty for Defective Work)

4.      HBI is obligated under the Contract and common law to perform warranty work to repair defective work performed under the Contract and to reimburse Spokane South for all damages, including lost profits, resulting from the breach of its warranty obligations, in an amount to be established at trial, including reasonable attorney fees and costs.

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 8

**LEE & HAYES, PC**
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

1
2

## FOURTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

3      5.      HBI had an implied covenant of good faith and fair dealing under the Contract.

4      6.      HBI's manner, method and timing of constructing the Hotel violated this

5 covenant, causing harm to Spokane South, in an amount to be proven at trial, including

6 reasonable attorney fees and costs.

7
8

## FIFTH CAUSE OF ACTION
### (Negligent Supervision and Retention)

9      7.      HBI failed to take reasonable and adequate measures to engage and supervise the

10 actions of its employees, agents, and subcontractors in performance of the work under the

11 Contract, causing damage and harm to Spokane South, including lost profits, in an amount to

12 be established at trial, including reasonable attorney fees and costs.

13
14

## SIXTH CAUSE OF ACTION
### (Misrepresentation)

15      8.      HBI made materially false and misleading representations to Spokane South

16 about the experience and qualifications of its employees and subcontractors to construct the

17 Hotel, with the intent to induce Spokane South to enter into the Contract, including reasonable

18 attorney fees and costs

19      9.      Spokane South reasonably relied upon these misrepresentations, causing it

20 damage, including lost profits, in an amount to be established at trial, including reasonable

21 attorney fees and costs.

22
23

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

24      10.      Throughout the Contract term, HBI was unjustly enriched at the expense of

25 Spokane South.

26

27

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 9

**LEE & HAYES, PC**
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

11.     Spokane South conferred benefits upon HBI, who accepted those benefits, and under the circumstances, it would be inequitable for HBI to retain those benefits, in an amount to be established at trial, including reasonable attorney fees and costs.

## EIGHTH CAUSE OF ACTION
### (Fraud and/or Deceit)

12.     HBI deceptively and/or fraudulently allocated costs, submitted incorrect financials, submitted incorrect or misleading change orders, and billed Spokane South for work HBI knew or should have known did not constitute Costs of Work under the Contract.

13.     Spokane South was billed and paid for work under the Contract that was not Cost of Work and was misled into believing payments were being requested in compliance with the Contract, when they were not.

14.      Spokane South was billed and paid HBI a Contractor Fee and taxes based on alleged Cost of Work that it was not obligated to pay.

15.     HBI's actions violated its obligation to provide correct, complete, and accurate financial information, change orders, payment requests and accounting information.

16.     HBI's intentional and/or negligent actions suppressed facts designed to mislead Spokane South, which caused harm and damage, including lost profits, in an amount to be established at trial, including reasonable attorney fees and costs.

## NINTH CAUSE OF ACTION
### (Attorney Fees, Costs and Interest)

17.     Spokane South is entitled to attorney fees, costs and expenses, and pre-and post-judgment interest on its counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Spokane South, having fully answered Plaintiff's Complaint, prays for a final judgment against Plaintiff/Counterclaim Defendant as follows:

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 10

LEE & HAYES, PC
601 W. Riverside Ave, Suite 1400
Spokane, WA  99201

1.      For judgment dismissing the AAA Arbitration;

2.      For judgment releasing HBI's lien and dismissing HBI's lien foreclosure claim;

3.      For judgment in favor of Spokane South on its counterclaims, in an amount to be
        established at trial;

4.      For attorneys' fees, costs, and interest, as allowed under the parties' contract and
        applicable law; and

5.      For such further relief as the Court determines just and equitable.


DATED this 6th day of August, 2020.



                        LEE & HAYES, P.C.



                        _____
                        BRYCE J. WILCOX, WSBA# 21728
                        601 W. Riverside Ave. Suite 1400
                        Spokane, Washington 99201
                        Telephone: (509) 324-9256
                        *Attorney for Plaintiff*

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 11

LEE & HAYES, PC
601 W. Riverside Ave, Suite 1400
Spokane, WA 99201

1

### CERTIFICATE OF SERVICE

2       I certify that on the 6th day of August, 2020, I caused to be served a true and correct

3    copy of the foregoing document by the method indicated upon:

4       Collette C. Leland                          _____ U.S. Mail
5       Winston & Cashatt                            __X__ Hand Delivery
        601 W. Riverside Ave., Ste. 1900            _____ Facsimile
6       Spokane WA 99201                            _____ Email
        ccl@winstoncashatt.com
7
8       *Attorney for Plaintiff*

9

10

11      Bryce J. Wilcox

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SPOKANE SOUTH MEDICAL LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR FORECLOSURE OF LIEN
AND COUNTERCLAIMS - 12

**LEE & HAYES, PC**
601 W. Riverside Ave, Suite 1400
Spokane, WA 99201