UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HOSPITALITY BUILDERS, INC., | \* | |
| Plaintiff, | | Civil Action No. 1:20-CV-_____ |
| | \* | |
| vs. | | **BRIEF OF PLAINTIFF IN SUPPORT** |
| | \* | **OF MOTION TO COMPEL** |
| SPOKANE SOUTH MEDICAL, LLC, | | **ARBITRATION AND STAY** |
| | \* | **OTHER PROCEEDINGS** |
| Defendant. | | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff submits this Brief in support of its Motion to Compel Arbitration and Stay Other Proceedings.

## APPLICABLE AUTHORITIES

Section 2 of the Federal Arbitration Act ("FAA") declares that written arbitration agreements are "valid, irrevocable, and enforceable . . ." 9 U.S.C. § 2. Arbitration agreements are strictly enforced. *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-75 (1989).

The FAA preempts state law and governs all written arbitration agreements in contracts involving interstate commerce. *Allied- Bruce Terminix Cos., Inc. and Terminix Int'l Co., v. Dobson,* 513 US 265 (1995); *Dakota Weslyan University v. HPG International, Inc.*, 1997 SD 30, ¶ 6, 560 NW2d 921.

In enacting the FAA, Congress "declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolutions of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1983). The FAA is "based upon . . . the incontestable federal foundation of control over interstate

commerce . . . ." *Id*., 465 U.S. at 11.  Congress contemplated a "broad reach of the Act unencumbered by state-law constraints . . . . [T]he purpose of the act was to assure those who desire arbitration and whose contracts related to interstate commerce that their expectations would not be undermined by federal judges, or . . . by state courts or legislators." *Id.*, 465 U.S. at 13.  The United States Supreme Court has recognized an "unmistakably clear congressional purpose that the arbitration procedure, when selected by parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood & Conklin*, 388 U.S. 395, 404 (1967).

Likewise, the South Dakota Supreme Court has consistently favored resolution of disputes by arbitration. *Rossi Fine Jewelers, Inc. v. Gunderson,* 2002 SD 82, ¶14, 648 NW2d 812; *Thunderstik Lodge, Inc. v. Reuer,* 1998 SD 110, ¶14, 585 NW2d 819, 822. There is an overriding policy favoring arbitration when a contract provides for it. *Id.*[1] If there is doubt whether a case should be resolved by traditional judicial means or by arbitration, arbitration will prevail. *Id.,* 1998 SD 110 at ¶15, 585 NW2d at 822 (citing *City of Hot Springs v. Gunderson's, Inc.,* 322 NW2d 8, 10 (SD 1982)).

The standard for deciding a motion to compel arbitration and stay litigation is simple and straight-forward.  The court conducts a two-party inquiry to determine "simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement." *Gannon v. Circuit City Stores, Inc.,* 262 F.3d 677, 680 (8th Cir. 2001) (citing *Larry's United Super, Inc. v. Werries,* 252 F.3d 1083, 1085 (8th Cir. 2001).

---

[1] South Dakota has adopted the Uniform Arbitration Act. See SDCL 21-25A-1, which provides: "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

2

A motion to compel arbitration is conducted with an eye toward the strong federal policy of honoring, enforcing, and liberally interpreting arbitration provisions. "There is a presumption of arbitrability if the governing agreement contains an arbitration clause." *ITT Hartford Life & Annuity Ins. Co. v. Amerishare Investors, Inc.*, 133 F.3d 664, 668 (8th Cir. 1998).   Additionally, any ambiguities or doubts as to the scope of an arbitration agreement are to be resolved in favor of arbitration.  *Id.* at 668.  "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (8th Cir. 1994) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)).

If the two-part inquiry is answered in the affirmative, then a stay of the proceedings in favor of arbitration is mandatory.  As the United States Supreme Court put it in *Dean Witter Reynolds, Inc.*:

> By its terms, the Act leaves no place for the exercise of discretion by a district court but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 231, 218 (1985) (emphasis added).

In *Moses H. Cone, supra,* 460 U.S. at 22 the Supreme Court noted "Congress' clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."   The Court held that §§ 3 and 4 of the FAA "call for an expeditious and summary hearing, with only restricted inquiry into factual issues."  *Id*. (Emphasis added).

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in arbitration, whether the problem at hand is the construction of the contract language itself ***or an allegation of waiver, delay, or a like defense to arbitrability***.

*Id., quoted in Daisy Manufacturing Co., Inc. v. NCR Corp.,* 29 F.3d 389, 396 (8th Cir. 1994)(emphasis added).

3

Similarly, SDCL 21-25A-5 provides that "on application of a party showing an agreement [to arbitrate], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration . . . ." (Emphasis added).

Thus, the FAA and the South Dakota Uniform Arbitration Act limit the determination of Plaintiff's Motion to only to the issues of whether (1) the parties made an agreement for arbitration and (2) whether Defendant is failing or refusing to comply with it by submitting to arbitration of all claims, disputes and matters in controversy.

In its Answer and Counterclaims in Washington Superior Court, Defendant is claiming Plaintiff "waived" its rights to pursue the Arbitration or compel arbitration by filing the Lien and/or Complaint to preserve the Lien pending Arbitration. Defendant is now asserting in Washington Superior Court the very same Counterclaims that Defendant already submitted and agreed to have determined in the Arbitration. Defendant's Prayer for Relief in Washington Superior Court asks for "judgment dismissing the AAA Arbitration; "judgment releasing HBI's lien and dismissing HBI's lien foreclosure claim;" and "judgment in favor of Spokane South on its counterclaims, in an amount to be established at trial." Thus, Defendant is refusing to arbitrate according to the parties' Contract and attempting an "end run" around the pending Arbitration by asking a Washington state court judge to "dismiss" the Arbitration and litigate the merits of the counterclaims Defendant submitted to the Arbitration.

When a court is addressing an allegation of waiver in the context of the arbitrability of a dispute, it does so "against the backdrop that '[i]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration.'" *Dumont v. Saskatchewan Gov't Ins.*, 258 F.3d 880, 886 (8th Cir. 2001) (quoting *Ritzel Communications v. Mid-American Cellular*, 989 F.2d 966, 968-69 (8th Cir. 1993). When a

4

party makes an accusation of waiver, it is essentially contending the claim is not within the scope of the parties' valid arbitration agreement.  As the Supreme Court held in *Moses H. Cone, supra,* "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself ***or an allegation of waiver***, delay, or a like defense to arbitrability." 460 U.S. at 24 (emphasis added).

The South Dakota Supreme Court has also addressed the issue of waiver of arbitration. *See Rossi, supra,* 2002 SD 82, ¶ 9 (citing *Tjeerdsma v. Global Steel Buildings, Inc.*, 466 NW2d 643, 645 (SD 1991)). Since there is a dominant policy favoring arbitration, waiver cannot be lightly inferred. *Id.*

Courts commonly hold that filing a mechanic's lien and instituting a proceeding to foreclose on that lien are not inconsistent with arbitration, but merely preserve the claimants' statutory lien rights.  *E.g., Homestead Sav. & Loan Assoc. v. Superior Court of Marin County*, 16 Cal. Rptr. 121, 122-23 (Cal. Ct. App. 1961) (holding that filing of a lien is not inconsistent with arbitration, but preserves the status quo, and that commencing a foreclosure action did not waive arbitration); *see also A. Burgart, Inc. v. Foster-Lipkins Corp.*, 313 N.Y.S.2d 831, 832 (N.Y. Sup. Ct. 1970) (holding that the plaintiff did not waive its right to arbitration of a claim by filing a mechanic's lien and commencing a lien foreclosure action).  The Iowa Supreme Court has held that filing a mechanic's lien is not a waiver of the right to arbitrate. *Clinton Nat'l Bank v. Kirk Gross Co.*, 559 N.W.2d 282, 284 (Iowa 1997).

Finally, the American Arbitration Association's Construction Industry Arbitration Rules, which the parties specifically agreed would govern the Arbitration, specifically provide that instituting the Washington Lien preservation action is not a waiver of the right to arbitrate.  Rule

R-54(a) provides that [*n]o judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.* (Emphasis added).  The AAA Construction Industry Arbitration Rules are available online at www.adr.org.

Dated:  September 3, 2020.

Respectfully Submitted,

*/s/ Ronald J. Hall*

Ronald J. Hall
HALL LAW FIRM
405 8th Avenue NW, Suite 327
Aberdeen, SD  57401-2715
Phone:  (605) 225-1652 | Fax: (605) 225-0761
Email:  ron@rhalllaw.com

*Attorney for Plaintiff*

6