UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HOSPITALITY BUILDERS, INC., | \* | CIV. 20-1017 |
| Plaintiff, | \* | |
| vs. | \* | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY OTHER PROCEEDINGS** |
| SPOKANE SOUTH MEDICAL, LLC | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Hospitality Builders, Inc. ("HBI") submits this reply to Defendant's Response (Doc. 6) to Motion to Compel Arbitration and Stay Other Proceedings (Doc. 1).

The character and tone of Defendant's Brief in Opposition is surprising and uncharacteristic of the Bangs McCullen firm and Ms. Houy, who are distinguished and well-respected members of the bar of South Dakota and this Court. The errors in captioning the pleadings and the unsupported and uncivil comments in the Brief suggest it may have been ghost-written wholly or partially by Defendant's Washington counsel.

Defendant's Brief does not appear to dispute any facts, documents, or legal authorities presented in Plaintiff's verified Motion and Exhibits (Doc. 1) and Memorandum (Brief) in Support (Doc. 2).

Defendant's Brief advances two arguments: (1) Plaintiff waived arbitration by filing a mechanic's lien to secure its claims and by commencing a foreclosure action to preserve the lien pending arbitration, and (2) this Court is not authorized to order a Washington state court to stay proceedings there.

1

Both arguments are meritless, if not frivolous.

**1.      Waiver**

As shown in Plaintiff's opening Brief, a court must address an allegation of waiver of arbitration "against the backdrop that '[i]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration.'" *Dumont v. Saskatchewan Gov't Ins*., 258 F.3d 880, 886 (8th Cir. 2001) (quoting *Ritzel Communications v. Mid-American Cellular*, 989 F.2d 966, 968-69 (8th Cir. 1993). A party alleging waiver is contending the claim is not within the scope of the parties' valid arbitration agreement. *Gannon v. Circuit City Stores, Inc.,* 262 F.3d 677, 680 (8th Cir. 2001). It is undisputed the parties here entered a valid agreement to arbitrate and their disputes are covered by that agreement. Defendant admitted as much by submitting to the pending Arbitration and filing its Answering Statement and Counterclaims in that proceeding and agreeing to the Arbitrators' Scheduling Order. (*See* Exhibits C, E to Plaintiff's Motion, Doc. 2). Defendant thereby waived *its* rights to pursue duplicative counterclaims in the Washington litigation (Exhibit A to Motion, Doc. 2).

Defendant provides no pertinent legal authority for its clam of waiver.  Defendant has not disputed the authorities presented in Plaintiff's Brief. The overwhelming majority of cases hold that by proceeding with arbitration, a claimant does not waive the right to file a mechanic's lien or suit to preserve a mechanics' lien; conversely, by filing suit to foreclose a mechanics' lien, a claimant does not waive the right to demand arbitration. Commencement of arbitration will not toll the statute of limitations for filing an action at law to foreclose a mechanics' lien claim. *Application of Oxer, 36 Misc. 2d 314, 233 N.Y.S.2d 697 (Sup 1962).* The fact that a construction contract contains an arbitration clause does not constitute a waiver of mechanics' lien rights, nor does a demand for arbitration result in a waiver of the right to file an action at law to foreclose a

mechanics' lien. *Homestead Sav. and Loan Ass'n v. Superior Court In and For Marin County, 195 Cal. App. 2d 697, 16 Cal. Rptr. 121 (1st Dist. 1961).* Many cases have held that by recording a claim of a mechanics' lien a claimant does not waive the right to demand arbitration. *E.g., Sommer v. Anthony J. Quarant Contracting, Inc., 40 A.D.2d 95, 337 N.Y.S.2d 957, 73 A.L.R.3d 1063 (1st Dep't 1972); Modular Technics Corp. v. Graverne Contracting Corp., 32 N.Y.2d 673, 343 N.Y.S.2d 358, 296 N.E.2d 255 (1973).* Many courts have held filing an action to foreclose a mechanics' lien does not waive the right to pursue arbitration. *A. Burgart, Inc. v. Foster-Lipkins Corp., 30 N.Y.2d 901, 335 N.Y.S.2d 562, 287 N.E.2d 269 (1972); A. Sangivanni and Sons v. F. M. Floryan & Co., 158 Conn. 467, 262 A.2d 159 (1969); De Lillo Const. Co. v. Lizza & Sons, Inc., 7 N.Y.2d 102, 195 N.Y.S.2d 825, 164 N.E.2d 95 (1959); Lizza & Sons, Inc. v. De Lillo Const. Co., 11 Misc. 2d 295, 171 N.Y.S.2d 768 (Sup 1958); Big River Const. & Remodeling Co., Inc. v. University Club I Apartments, L.P., 598 So. 2d 542 (La. Ct. App. 1st Cir. 1992); Schopke Const. & Engineering, Inc. v. Newham Plastering, Inc., 604 So. 2d 909 (Fla. 5th DCA 1992); Adams v. Nelsen, 313 N.C. 442, 329 S.E.2d 322 (1985);J.M. Huber Corp. v. Main-Erbauer, Inc., 493 A.2d 1048 (Me. 1985); Brendsel v. Winchester Const. Co., Inc., 392 Md. 601, 898 A.2d 472 (2006); Paragon Ltd., Inc. v. Boles, 987 So. 2d 561 (Ala. 2007); Welty Bldg. Co., Ltd. v. Indy Fedreau Co., LLC, 985 N.E.2d 792 (Ind. Ct. App. 2013).* Defendant has presented no contrary authorities.

Defendant's opposition is based on the disingenuous and ironic argument that Plaintiff has been "forum shopping." Citing an old Chicago Law Review article, Defendant's Brief states:

> There is no legitimate or logical explanation for HBI's conduct; indeed, by initiating this duplicative proceeding, HBI's motivation is likely illegitimate or illogical, such as harassment, insurance against the risk of an adverse ruling in the state court proceeding, forum shopping, or "tactical advantage."

3

Defendant's Brief in Opposition (Doc. 6) at p. 5.  This argument is as baseless as it is insulting to HBI's counsel of record, who has been admitted to practice as an officer of this Court for over 39 years.  HBI commenced arbitration according to the Contract.  Defendant agreed and submitted its claims to arbitration.  HBI filed the Washington state court action solely to preserve HBI's lien rights as security for any award ultimately rendered in the arbitration, expressly without waiving arbitration or agreeing Defendant may pursue claims in any other forum. The *only* reason HBI has been forced to commence the instant action is that Defendant now seeks to avoid arbitration and instead attempting an "end run."

### 2. Stay of Other Proceedings

Defendant argues this Court lacks jurisdiction to order the Washington state court to stay proceedings there. That not what Plaintiff is requesting from this Court.  Plaintiff has requested an order granting the following relief:

> A. Pursuant to 9 U.S.C. § 4 and S.D.C.L. § 21-25A-5, compelling and directing the Arbitration between the parties proceed in the manner provided for in the parties' arbitration agreement contained in their Contract, with the hearing locale at Aberdeen, South Dakota, and that any disputes or counterclaims asserted by Defendant arising out of or related to the Contract must be submitted to and determined only in such Arbitration;
>
> B. Pursuant to 9 U.S.C. § 3 and S.D.C.L. § 21-25A-7, staying, restraining and prohibiting Defendant and its attorneys from pursuing any claims for relief against Plaintiff in Washington State Court or in any other forum other than in the Arbitration or in this Court, including any efforts or attempts to "dismiss" or stay the Arbitration or assert Counterclaims against Plaintiff, pending completion of the Arbitration and any related proceedings in this Court . . . .

Plaintiff's Motion (Doc. 1) at p. 6.

This Court has diversity and federal subject matter jurisdiction over this action and personal jurisdiction over the parties and their counsel.  This Court has full authority to order the relief requested by Plaintiff, without telling the Washington state court what it may or may not do. This

4

Court has ordered such relief in past civil cases commenced by HBI against project owners or subcontractors who have attempted to avoid arbitration and pursue litigation in other forums in violation of the purposes of the Federal Arbitration Act.  *See, e.g., Hospitality Builders, Inc. v. Baxter Properties, LLC,* Case 1:96:cv-1032-CBK, Order filed September 20, 1996 (Doc. 24); *Hospitality Builders, Inc. v. Harold Ridgeway, etc.,* Case 1:05-cv-01020-CBK, Order and Opinion filed July 12, 2005 (Doc. 13).

**Conclusion**

Plaintiff requests the Court expedite this matter according to 9 U.S.C. § 4 to summarily hear and determine any genuine disputed issue and summarily order the relief requested in Plaintiff's Motion (Doc. 1) to prevent Defendant and its Washington counsel from further obstructing, delaying and multiplying the proceedings contrary to the Federal Arbitration Act. Plaintiff reserves all its other rights, remedies, claims and defenses pursuant to the Contract, the Arbitration, and applicable law, including the right to seek an award of attorney fees, costs and any applicable sanctions related to this Motion.

Dated September 28, 2020.

        HALL LAW FIRM

        */s/ Ronald J. Hall*
        Ronald J. Hall
        Attorney for Plaintiff
        405 8th Avenue NW Suite 327
        Aberdeen, SD  57401-2715
        Telephone No.  (605) 225-1652
        Fax No.  (605) 225-0761
        Email:  ron@rhalllaw.com