FILED
OCT 08 2020

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| HOSPITALITY BUILDERS, INC., | 1:20-CV-01017-CBK |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| SPOKANE SOUTH MEDICAL, LLC, | |
| Defendant. | |

The parties entered into a construction contract for a building and parking garage to be erected in the State of Washington. There is no question that the contract unambiguously called for arbitration of any disputes, such arbitration to be conducted in Aberdeen, South Dakota. There is no dispute that the contract calls for venue in Aberdeen, South Dakota, and application of South Dakota law. Disputes arose and each party sought to cancel the contract so as to prevent performance of the construction activities. Performance did cease and arbitration was commenced under the terms of the contract. Defendant initially submitted to the arbitration proceeding by filing its Answering Statement and Counterclaims and agreeing to the arbitrator's scheduling order. *See* exhibits C and E as attached to plaintiff's motion (Doc. 2). Both parties clearly proceeded down the road of arbitration as required by the contract. Defendant submitted to the arbitration proceeding and now attempts to halt the same mid-stream. This is similar to filing an answer in a civil suit without questioning personal jurisdiction and then attacking the personal jurisdiction.

The plaintiff filed in Washington what would be called a mechanic's lien (under South Dakota law). A smaller recovery is allowed under Washington law than would be allowed under South Dakota law. Plaintiff then filed in Washington an action in state court to foreclose the lien. Defendant counterclaimed and asked the state court to find that the foreclosure action

should proceed in Washington or be dismissed and that arbitration should be stayed. Defendant now claims that the actions of plaintiff constitute a waiver of the contractual right to arbitration. Plaintiff wishes to proceed with arbitration, staying the foreclosure action. A hearing date has been set for October 16, 2020, on the claims of defendant asking the Washington state court to order a stay of the arbitration proceeding or dismiss it or, in the alternative, to order the dismissal of the foreclosure action. It is elementary that a state court in Washington cannot have jurisdiction to, in effect, dismiss a pending action in federal court in South Dakota.

The sole issue here is whether there was or was not a waiver of the right to arbitration as a matter of law. Again, no factual issues are in dispute as to this issue and no evidentiary hearing is required.

Under South Dakota law, a contractual agreement to arbitrate is subject to waiver, depending on the facts. In Tjeerdsma v. Global Steel Bldgs., Inc., 466 N.W. 2nd 643 (S.D. 1991), the parties had entered into a construction contract with a clause mandating arbitration of disputes. Defendant raised no such demand until issues had been joined following depositions, filing interrogatories and answers, and requiring requests for admissions and answers given. The Supreme Court referred to extensive pretrial discovery by both parties, citing over 100 pages in the record. Defendant did not raise arbitration rights as an affirmative defense. When the plaintiff filed a certificate of readiness for trial, the defendant made no mention of the arbitration agreement. Later, a motion was filed to compel arbitration. The trial court found waiver and the Supreme Court agreed. The Court said: "There is an overriding policy favoring arbitration, and the waiver of that right is not to be lightly inferred. The mere delay in seeking a stay of litigation without some resultant prejudice to a party cannot be deemed a waiver. The essential test for waiver of arbitration requires conduct or activity inconsistent with the right to arbitration *and* prejudice to the party claiming waiver." 466 N.W. 2nd 643, 645.

The law in the Eighth Circuit is also clear. As this court looks at a question of waiver, it must do so "against the backdrop that'[i]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration.'" Dumont v. Saskatchewan Gov't. Ins. 258 F.3d 880, 886 (8th Cir. 2001) *quoting* Ritzel Communications v. Mid-American Cellular, 989 F. 2nd 966, 968-69 (8th Cir. 1993).

As a matter of comity, I do not intend to presume to tell the Washington court what to do with the pending motion of defendant seeking to dismiss the foreclosure action and void the lien. The court there may also decide to order a stay of some kind in the foreclosure action. I also assume the Washington court will also not interfere with the pending action in South Dakota.

Filing a lien and starting a foreclosure action to avoid any issue as to the statute of limitations is conduct that cannot be said to fly in the face of the pending arbitration in South Dakota. There is no suggestion that any such foreclosure action has been taken to the point of discovery or litigation of issues. Filing a lien is, of course, prejudicial to the target of the lien but that is permissible to preserve the security rights of the plaintiff, pending the result of the arbitration proceeding. There is nothing in the contract at issue prohibiting the filing of a lien or the institution of foreclosure proceedings. It is clear to the court that the very strong federal policy (as expressed in a legion of cases) favoring arbitration should not be frustrated under the facts of this case. Doubts against waiver should be construed against the party claiming the waiver, namely the defendant.

On a personal note, during the thirty years I practiced law and tried cases, I was not a fan of arbitration. The practice has now grown beyond reasonable bounds, with nursing home residents not allowed to use our jury system in cases of alleged abuse or malpractice. Arbitration agreements are now being inserted into virtually all contractual matters, however trivial. Congress should act to prevent what I consider to be abuses

3

and overreaching by closing the courthouse door. My sentiments, however, do not allow me to fail to follow the law as written and interpreted.

There has been no waiver. At no time has plaintiff, orally or in writing, made any statement constituting waiver. Plaintiff had the right to do what it did in the Washington lien filing and foreclosure action and has not crossed the line of discovery and seeking a trial date other than in Aberdeen. There is some prejudice to defendant as there would be to any person subject to a mechanic's lien, but it is not sufficient to cause a waiver.

NOW, THEREFORE, IT IS ORDERED, as follows:

1) This Court has personal and subject matter jurisdiction as to the parties and the cause of action.

2) The parties shall immediately and without further delay proceed to arbitration in Aberdeen, South Dakota, continuing the process already started.

3) All disputes, including all claims by defendant as to claims arising under the contract, shall be submitted to arbitration under the Rules of Arbitration and decided accordingly under South Dakota law and in Aberdeen, South Dakota.

DATED this 8th day of October, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4