IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| HOSPITALITY BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SPOKANE SOUTH MEDICAL, LLC, <br><br> Defendant. | CIV. 20-1017 <br><br> **Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees and Application for Costs** |

## Summary of Argument

Hospitality Builders, Inc. ("HBI") seeks to recover attorney's fees and costs from Spokane South Medical, LLC ("Spokane South"). HBI claims it is the prevailing party on its *Motion to Compel Arbitration and Stay Other Proceedings*, thus entitling it to attorney fees and costs under the parties' construction contract. What it fails to recognize is that its Motion presented two distinct issues for resolution, but it prevailed on only one of them.

In its October 8, 2020 Order, the Court found in HBI's favor on the question of waiver,[1] but the Court did not grant HBI's request for an order "staying, restraining, and prohibiting Defendant and its attorneys from pursuing any claims for relief against Plaintiff in Washington State Court[.]" *Plaintiff's Motion to Compel Arbitration*

---

[1] As the Court will recall, Spokane South raised the question of arbitration waiver ***after*** HBI started its Washington lien foreclosure action. Prior to that, Spokane South had willingly proceeded in arbitration, selecting a AAA panel, and participating in a scheduling conference with the Panel. This is not a case where Spokane South refused to arbitrate, but rather one where it had asked a court (in Washington) to rule that HBI waived its right to arbitration.

*and Stay Other Proceedings* (Doc. 1) at 8. As to the second issue, the Court stated: "As a matter of comity, I do not intend to tell the Washington court what to do with the pending motion of defendant seeking to dismiss the foreclosure action and void the lien." *Order* (Doc. 15) at 3.[2] Thus, either both parties were co-prevailing parties, entitling them each to recover a portion of their respective attorney fees and costs, or neither were prevailing parties and no fees or costs should be awarded. In any event, HBI cannot be viewed as the sole prevailing party, as it lost on one of its two requests for relief, both of which were of equal import.[3]

"South Dakota law allows for an award of attorney fees to the party who prevails on the main issue in dispute when the parties agreed to it in their contract." *Highmark, Inc. v. Northwest Pipe Co.*, DSD File No. CIV 10-5089, 2016 U.S. Dist. LEXIS 165039 at *8 (D.S.D. 2016) (unreported). Spokane South respectfully submits that HBI only prevailed on one of two main issues, justifying a denial of its motion for fees and application for costs. Alternatively, if the Court determines that arbitration waiver was the "main issue," then HBI is only entitled to fees incurred on *that issue*, not the fees incurred on its unsuccessful attempt to enjoin Spokane South in the Washington litigation. Ascertaining the proper amount of fees incurred on that sole issue, however, will prove difficult, as HBI failed to segregate its attorney fees request between its successful and unsuccessful requests.

---

[2] Spokane South could procure a bond to cover the Lien, which is permitted under Washington law. However, it would require Spokane South to provide over $500,000 in cash collateral and pay an annual premium of $26,887. This is why Spokane South is seeking prompt relief under Washington lien law to address frivolous and clearly excessive liens, as opposed to late 2021 after arbitration.

[3] HBI presented both issues to advance its strategy of seeking to prevent Spokane South from challenging the validity of HBI's $700,000 lien prior to conclusion of the September 2021 arbitration. It only succeeded on one.

## Factual and Procedural Background

HBI's construction of Spokane South's Hotel began in February 2016, and immediately thereafter Spokane South began experiencing problems with HBI's performance under the Contract.  Over an extended period, Spokane South attempted, in good faith, to work with HBI to resolve the issues, with the goal of mitigating HBI-caused damages and get the Hotel completed and open as soon as possible. Doc. 7-2 (Mulloy Declaration) at ¶ 7.

Because of repeated and ongoing deficiencies in HBI's performance under the Contract, its persistent failure and/or neglect to carry out work in accordance with the Contract, and its numerous material breaches, Spokane South provided notice of termination of the Contract on November 19, 2019.  *Id.* at ¶ 14, Ex. B.  In accordance with the Contract provisions, Spokane South obtained a certification by the project architect that termination was justified.  As stated by Dale Johnson (Architect) and Kol Nelson (Construction Administrator): "I hereby certify under Article 13.2 of the Contract, that sufficient cause exists to justify Spokane South to terminate the Contract."  *Id.* at ¶ 15, Ex. B.

On November 21, 2019, 2 days after Spokane South terminated the Contract, HBI sent a letter, claiming Spokane South was in default for not paying $600,887.21, with no details regarding the amounts claimed due in the letter.  *Id.* at ¶ 16, Ex. C.  The next day, on November 22, 2019, HBI filed a lien under RCW 64.04 against the Hotel in the amount of $716,990.98 ("Lien"), even though the day before HBI claimed it was owed $600,887.21.  *Id.* at ¶ 17, Ex. D.

On December 9, 2019, HBI sent Spokane South a letter, stating it was terminating the Contract effective November 29, 2019.  *Id.* at ¶ 18, Ex. E.  Mitigating

its damages, Spokane South supervised the remaining work needed to complete the Hotel, which opened for business on December 27, 2019.  *Id.* at ¶ 19.

On January 10, 2020, HBI initiated arbitration under the Contract.  Doc. 1-2.  Spokane South answered and asserted counterclaims in the arbitration on January 28, 2020.  Doc. 1-3.  The parties selected an arbitration panel and participated in the initial scheduling conference with the arbitration panel, which took place on July 28, 2020.  Doc. 1-5.  Notably, Spokane South willingly agreed to arbitration and had no intention of litigating its claims in court until HBI elected to seek foreclosure on its Lien in the lawsuit it filed in Spokane County, Washington on July 23, 2020.  Doc. 1-7.  Spokane South believed this act constituted waiver of HBI's arbitration rights, and it asked the Washington court to so rule.  In the same motion, it also asked the Washington court to invalidate the Lien based on Washington's lien statute.  HBI recognized in its filing with the Washington court that its Lien foreclosure action had to be litigated in Washington (and not arbitrated).  Doc. 14-2.  Similarly, Spokane South's challenge to the Lien had to be litigated in Washington and not arbitrated in South Dakota, as it was an *in rem* proceeding.

HBI then initiated the instant action on September 4, 2020, by filing a pleading entitled *Motion to Compel Arbitration and to Stay Further Proceedings*, wherein it asked this Court to reject Spokane South's arbitration waiver argument and enjoin and restrain Spokane South from challenging the Lien in the HBI-initiated Washington Lien foreclosure action.  Subsequently, at HBI's request, the Washington court stayed Spokane South's motion until this Court ruled on HBI's motion.

In light of this Court's Order issued on October 8, Spokane South has withdrawn its arbitration waiver claim and counterclaims in the Washington litigation, leaving

only the Lien validity issue for resolution during the December 4, 2020, hearing in Spokane County.

## Argument and Analysis

The South Dakota Supreme Court has defined "prevailing party" broadly as "the party in whose favor the decision or verdict is or should be rendered and judgment entered." *City of Aberdeen v. Lutgen*, 273 N.W.2d 183, 185 (S.D. 1979) (interpreting prevailing party under SDCL 15-15-1). The South Dakota Supreme Court has held that a party to a contract is not required to prevail on every issue to be the prevailing party. *See Crisman v. Determan Chiropractic, Inc.*, 2004 SD 103, ¶ 23, 687 N.W.2d 507 (citing *Alvine v. Mercedes-Benz of North America*, 2001 SD 3, ¶25, 620 N.W.2d 608, 613). Rather, the prevailing party is the one who prevails on the "main issue in dispute." *Highmark*, at *8.

## 1. HBI Was Not the "Prevailing Party" Because it did not Prevail on the "Main Issue."

In order to prevail on the "main issue" for fee-shifting purposes, there must be a "main issue" in the first instance. If multiple issues are presented, and none arise above the others in terms of import or materiality, none can be considered the "main" issue, meaning that for fee-shifting purposes, the moving party would need to prevail on all issues. Such is the case here.

In its *Motion to Compel Arbitration and Stay Other Proceedings*, HBI asked this Court to (1) rule that commencing a lien foreclosure action in Washington did not waive its right to arbitrate; (2) to stay, enjoin, and prohibit "Defendant and its attorneys from pursuing any claims for relief against Plaintiff in Washington State Court"; and (3) reserve jurisdiction over this case. Doc. 1 at 8. This Court granted the Motion as to

request (1), finding that HBI's lien filing and foreclosure action in Washington did not act as a waiver of arbitration. However, the Court declined to grant the relief requested in (2), holding that "[a]s a matter of comity, I do not intend to presume to tell the Washington court what to do with the pending motion of defendant seeking to dismiss the foreclosure action and void the lien." Doc. 15 at 3. Based on this, and the fact that the Order did not enjoin, or restrain, or otherwise prohibit Spokane South from proceeding with its Washington motion to void the Lien, Spokane South read and understood the Court's Order as denying that portion of HBI's motion that sought a "Stay of Other Proceedings."

It is possible that the Court may consider the waiver of arbitration and HBI's request to stay the Washington lien validity motion as of equal import to the parties. In this event, both parties could be considered as co-prevailing parties and entitled to portion of their attorney fees and costs incurred in advancing their respective successful arguments. If the Court so finds, Spokane South will prepare and file a separate fee motion, segregating the fees and costs incurred in defense of the "stay of other proceedings" issue from the waiver of arbitration issue, which as discussed below, HBI has failed to do.

It is also possible for the Court to find that neither party prevailed on the "main" issue, as there is no basis to determine which of the two issues presented by HBI was the main or most important issue. Both issues, at least from HBI's perspective, were important enough to seek federal court relief. HBI clearly wanted to avoid litigating its claims in Washington state court, which caused it to ask this Court to adjudicate the arbitration waiver issue. But, just as clearly, HBI did not want the Washington court to rule on Spokane South's lien invalidity claim, thus it askrf this Court to enjoin and restrain Spokane South from pursing the lien invalidity claim in Washington. This Court did not, of course, grant an injunction. Finding that neither party

prevailed on the "main" issue would result in neither party receiving an award of attorney fees at this stage, but would also not prevent the parties from adding their respective fees in their arbitration damage claim.

## 2. HBI's Motion Does Not Fall within the Scope of Section 7.2, and the Question of Attorney's Fees can be Addressed by the Arbitrator.

In support of its motion for attorney fees, HBI also relies upon Section 7.2 of the Addendum to the Contract, which provides for the recovery of attorney fees and expenses to "compel arbitration." As stated above, Spokane South is a willing, active participant in arbitration, and has asserted numerous counterclaims therein. It was not until HBI took what Spokane South believed to be an act inconsistent with arbitration (filing a lien foreclosure action in Washington state) that Spokane South sought a ruling that HBI had waived arbitration. The only reason Spokane South took the action it did while the arbitration was pending was because of HBI's Washington foreclosure lawsuit. If that suit had not been filed, no waiver argument would have been advanced.

While HBI casts the first issue in its motion as a request to "compel arbitration," it was really asking the Court to reject Spokane South's arbitration waiver argument, as evinced by Paragraph 1 in its Prayer for Relief. Doc. 1 at 8. This Court ruled on the waiver issue, and arbitration is proceeding.

The issue of whether HBI is entitled to fees in connection with its motion should await the conclusion of the arbitration. HBI has repeatedly touted the fact that the parties have agreed to arbitrate. The AAA Panel selected to hear this matter should consider HBI's request for fees as part of the overall assessment of appropriate remedies at the conclusion of the case.

## 3. If HBI is Entitled to Recover Attorney Fees, it is Limited to Those Incurred on the Waiver Issue.

If the Court finds either that HBI was the "prevailing party" or that it is entitled to recover attorney fees and expenses based on its motion to "compel arbitration," the Court must then determine whether the requested fees are reasonable. *In re South Dakota Microsoft Antitrust Litigation*, 2005 SD 113, ¶ 29, 707 N.W. 2d at 98 (explaining that "[t]he fees awarded by the court in each case must be reasonable for the services rendered."). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). A strong presumption exists that the figure resulting from the above calculation (i.e., the lodestar figure) is reasonable. *See Perdue v. Kenny A ex rel Winn*, 559 U.S. 542, 554, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010); *see also In re South Dakota Microsoft Antitrust Litigation,* 2005 SD 113, ¶ 30, 707 N.W.2d at 99 (explaining that "we are convinced that this simple mathematical exercise is the only legitimate starting point for analysis."). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Fish*, 295 F.3d at 851 (quoting *Hensley*, 461 U.S. at 437). "[T]he party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1189 (N.D. Iowa 2003).

Once the lodestar is calculated, the Court considers several factors in order to determine whether the lodestar figure should be adjusted upward or downward. *Id.* (explaining that "[i]t is only after such a calculation that other, less objective factors, can be introduced into the calculus."). Those factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 111 (S.D. 1994).

Despite having the burden to do so, HBI did not analyze its request for almost $28,000 in attorney's fees under the aforementioned factors. Rather, HBI submitted the bills of its attorneys, along with their opinions that their rates and fees were "reasonable." This is insufficient as a matter of law to justify entry of a fee award.

Examining these factors, Spokane South does not take exception to the rates charged by HBI's counsel. The factors that do warrant close examination are (1) and (4).

### a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

In the instant case, there was an opening Motion (11 pages) and Brief (6 pages) filed by HBI on September 4. Spokane South filed a response brief, to which HBI filed a Reply on September 28 (5 pages). That same day, HBI filed a Motion to

Expedite, seeking an expedited ruling from the Court (2 pages). For this work, HBI is seeking to recover nearly $28,000 in attorney's fees. As set forth below, this amount is unreasonable (if not absurd) in light of the work involved in presenting these limited issues to the Court for resolution.

Here, HBI seeks to recover for 41.5 hours incurred by Collette Leland, its counsel located in the state of Washington, who has appeared in Washington state court on behalf of HBI in the lien foreclosure action. *See* Doc. 17-2. HBI is asking for payment of her fees incurred in connection with drafting Washington pleadings and filings, reviewing the South Dakota filings, researching various issues unrelated to the instant action, communicating with various third parties, and preparing for and attending hearings in Washington state court. It does not appear she performed any work in drafting the filings submitted to **this court** in this action.

The only time entries she has that are related to this action are her entries that mention researching the "waiver" issue (8/6/20, 8/13/20, 8/18/20). However, those entries are block-billed with other substantive issues, and it is thus impossible to ascertain how much time she spent on the waiver issue alone. The remainder of Ms. Leland's entries are clearly related to the Washington proceeding and overall strategy, which is highly disproportionate to the limited issues that were presented to this Court for disposition. In sum, HBI has not come close to meeting its burden of establishing that the fees of Ms. Leland are recoverable.

As for Mr. Hall's fees, there are numerous entries that are unrelated to the issue of waiver and that far exceed the scope of issues presented to this Court for adjudication. Specifically, the following entries do not involve work done in connection with this action and should be disallowed on that basis:

| 8/7/20 | 9/8/20 | 9/9/20 | 9/10/20 |
| --- | --- | --- | --- |
| 9/14/20 | 9/16/20 | 9/17/20 | 9/18/20 |
| 9/22/20 | 9/23/20 (2nd) | 9/24/20 (3rd) | 9/28/20 (2nd) |
| 10/1/20 | 10/2/20 | 10/5/20 | 10/6/20 |
| 10/13/20 | 10/14/20 | 10/15/20 | 10/19/20 |

Furthermore, the following entries are block-billed and mention work done in connection with this action, but also work done that is unrelated to this action:

| 8/6/20 | 8/10/20 | 8/18/20 |
| --- | --- | --- |
| 8/21/20 | 8/26/20 | 8/27/20 |
| 9/2/20 | 9/11/20 | |

The remaining time entries relate to the issues presented in this action, but do not delineate between time spent on the waiver issue (on which HBI succeeded) and time spent on the stay/injunction issue (on which HBI did not succeed). These fees total $6,435 (23.4 hrs x $275).

| 8/11/20 | 8/12/20 | 8/28/20 |
| --- | --- | --- |
| 8/31/20 | 9/1/20 | 9/3/20 |
| 9/4/20 | 9/23/20 (1st) | 9/24/20 (1st & 2nd) |
| 9/25/20 | 9/28/20 (1st) | 10/8/20 |

### b) The amount involved and the results obtained.

The United States Supreme Court has stated that "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only


some of his claims for relief." *Id.* at 434. In situations where a plaintiff achieves only limited or partial success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount[,] . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. As a result, it is often appropriate to only award a portion of fees sought if the "prevailing party" only recognized partial success. *See, e.g., Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, at *71, 83-86 (D.S.D. Mar. 12, 2010) (50% reduction based on limited success); *Jones v. Nat'l Am. Univ.*, 2009 U.S. Dist. LEXIS 60854, at *10-13 (D.S.D. July 8, 2009) (35% reduction based on partial success); *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260-61 (8th Cir. 1991) (affirming 50% reduction for limited success).

Here, HBI prevailed on the waiver of arbitration claim and Spokane South prevailed in resisting the entry of an injunction or stay. As the party seeking an award of fees and costs, the burden is on HBI to show which fees were incurred on its successful argument. HBI's failure to do so prevents this Court from determining how much of the request is attributable to the arbitration waiver claim vs. the unsuccessful request for an injunction. Like the moving party in *Highmark*, HBI made "no attempt to distinguish between attorney's fees for claims it alleges it prevailed on in the Federal Court action versus claims it undeniably did not." The district court in Highmark reduced the fee request through a "proportionality adjustment." Judge Piersol ruled that "Proportionality has not been explicitly used or excluded in any reported South Dakota cases. Under the complicating facts of this case it is an appropriate approach."

Here, it is clear that HBI's South Dakota and Washington lawyers did not attempt to distinguish attorney fees incurred with respect to the waiver of arbitration issue from fees incurred requesting the stay of the lien validity action in Washington.

Instead, all of the entries are commingled, with no attempt to segregate fees and costs incurred in its successful attempt to oppose the arbitration waiver issues from its unsuccessful request to enjoining Spokane South from challenging the Lien in the Washington lawsuit initiated by HBI. What is more, it appears HBI is also seeking attorney fees for time incurred opposing the Spokane South's motion now before the Washington Court and set to be heard on December 4, 2020 (See Doc 17-2, Ex. 1, entries for 9/23, 9/25, and 9/27), yet another instance of including fees that far exceed the scope of issues presented to this Court.

### 4. As with Fees, Costs Should be Denied or Limited.

"A [circuit] court is not required to grant recovery for disbursements simply because a party has achieved the status of a prevailing party. While SDCL 15–17–37 grants no discretion, SDCL 15–17–52 allows a court to 'limit the taxation of disbursements in the interests of justice.' This statute grants discretion to deny recovery of disbursements even though SDCL 15–17–37 does not." *Harvieux v. Progressive Northern Ins. Co.*, 2018 SD 52, ¶33, 915 N.W.2d 697, 706. As with fees, the Court should deny the application for costs or, alternatively, reduce it to reflect that HBI was only a partially prevailing party. *See Harvieux*, at ¶34; *Tri-County Landfill Ass'n, Inc. v. Brule County*, 2002 SD 32, ¶¶26-27, 641 N.W.2d 147, 155 (circuit court did not abuse its discretion in denying costs to partially prevailing party); *Culhane v. Michels*, 2000 SD 101, 615 N.W.2d 580 (affirming denial of costs because "both parties prevailed on some of the issues and lost on some of the issues").

In its Bill of Costs, HBI seeks recovery of the $400 filing fee. Doc. 16. In addition, HBI has included nearly $900 in costs and expenses in the affidavit submitted by Washington counsel, Collette Leland. Doc. 17-2. Ms. Leland's costs should be disallowed for numerous reasons. First, they were not included in the Bill

of Costs. Second, with the exception of the Gopher LLC process server cost, there is no explanation as to what these costs are for or how they relate to the South Dakota litigation. Lastly, online legal research costs are not recoverable. *Casillas v. Schubauer*, 2006 SD 42, ¶28, 714 N.W.2d 84, 91.

## Conclusion

HBI's request for an award of attorney's fees and costs should be denied, because HBI did not prevail on the "main issue" presented to this Court for resolution. Alternatively, should the Court find that HBI is partially prevailing party, it must hold HBI to its burden of establishing that the fees sought are reasonable, appropriate, and proportionate to the results obtained.

The fees sought are excessive, unreasonable, and many are unrelated to this proceeding. HBI's motion should be denied, in whole or in part, for the reasons set forth herein.

Dated November 27, 2020

BANGS, MCCULLEN, BUTLER,
FOYE & SIMMONS, L.L.P.

BY: /s/ Sarah Baron Houy
SARAH BARON HOUY
6340 S. Western Ave. Suite 160
Sioux Falls, SD 57108
(605) 339-6800
sbaronhouy@bangsmccullen.com
*ATTORNEYS FOR DEFENDANT*