UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
DEC 14 2020

| | |
|---|---|
| HOSPITALITY BUILDERS, INC., <br> Plaintiff, <br> vs. <br> SPOKANE SOUTH MEDICAL, LLC, <br> Defendant. | 1:20-CV-01017-CBK <br><br> ORDER |

Plaintiff filed a motion to compel arbitration and to stay a pending action in the State of Washington. Defendant opposed the motion, contending that plaintiff waived arbitration by filing a mechanic's lien to secure its claims and by commencing a lien preservation and foreclosure action to preserve the lien. Defendant opposed the motion to stay, contending that this Court is not authorized to stay Washington state court proceedings. I rejected defendant's defenses and ordered the parties to arbitrate. Plaintiff thereafter submitted its bill of costs and motion for attorneys' fees and expenses in the amount of $27,503.97 for the services of attorney Ronald J. Hall, who represented plaintiff during the arbitration and in this matter, and $12,684.40 for the services of attorney Collette C. Leland, who handled the lien preservation action in Washington state court.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, does not provide for the award of attorneys' fees. However, the contract between the parties, wherein the agreement to arbitrate was set forth, states that "[i]n any legal proceedings to compel arbitration in accordance with this agreement, or to stay litigation pending such arbitration, the prevailing party shall be entitled to recover its attorney fees and expenses from the other party." Defendant does not dispute the contract attorney fee provision.

The record in this case shows that the parties entered into a contract wherein plaintiff, as contractor, agreed to build a hotel for defendant, the owner. Plaintiff

contends that defendant failed to pay $716,990.98 due under the contract. On November 26, 2019, plaintiff recorded a contractor's lien in that amount in Spokane County, Washington. Plaintiff terminated the contract on the basis of defendant's claimed default in payment and, on January 10, 2020, served and filed a demand for arbitration with the American Arbitration Association ("AAA"). The arbitration matter moved forward with the filing of an answer and counterclaim by defendant, a reply by plaintiff, and the appointment of arbitrators.

While the arbitration was pending, plaintiff requested the defendant enter into a lien tolling agreement in order to save the parties the expense of a lien preservation suit, but defendant declined to do so. Plaintiff filed an action in Washington state court to preserve the lien against expiration on July 23, 2020. Plaintiff specifically set forth in the complaint in the Washington case that the parties' dispute as to whether the contract was breached and, if so, the amount due was then pending before the AAA and that the Washington action was only being filed for the purpose of preserving the lien pending the outcome of arbitration. Plaintiff further set forth in that complaint that plaintiff was not seeking to waive arbitration or consenting to litigating defendant's asserted claims and defenses outside the arbitration action. Plaintiff sought, in the Washington state court case, a stay of the lien preservation action pending arbitration. It was clear from the state court complaint, that its purpose was only to preserve the lien as required pending the outcome of the arbitration matter.

On July 29, 2020, the arbitrators entered a scheduling order setting forth deadlines and scheduling arbitration for September 13, 2021. Beginning in August, 2020, notwithstanding the clear intention of plaintiff to proceed with arbitration and save the parties the expense of litigation, defendant began to litigate its claims and defenses in the Washington state court action. Plaintiff filed the instant action in this Court to compel arbitration on September 4, 2020.

Defendant took the position in this case and in the Washington lien preservation suite that plaintiff had waived its right to arbitration by filing the lien preservation suit. I rejected that contention in entering an order to arbitrate.

2

Defendant objects to an award of attorneys' fees, contending that plaintiff did not prevail on its requested relief for a stay of the Washington lien preservation suit and therefore is not a prevailing party. Alternatively, defendant contends that it prevailed on the issue of staying the Washington lien preservation suit and therefore it is entitled to attorney fees as to that claim.

I reject defendant's assertion that plaintiff is not a prevailing party. Plaintiff sought in this action to compel arbitration as agreed to in the contract and as authorized by federal law. I entered an order compelling the parties to arbitrate and ordered that all disputes, including defendant's claims arising under the contract, shall be submitted to arbitration. I set forth in my order that:

> As a matter of comity, I do not intend to presume to tell the Washington court what to do with the pending motion of defendant seeking to dismiss the foreclosure action and void the lien. The court there may also decide to order a stay of some kind in the foreclosure action. I also assume the Washington court will also not interfere with the pending action in South Dakota.

Although I did not order a stay in a state court case in Washington, I clearly ordered the defendant to submit to arbitration of all its claims and defenses arising out of the contract. I reject defendant's contention that plaintiff did not prevail in its motion to compel arbitration.

Defendant seeks to limit the attorney fee request to just those fees associated with the issue of compelling arbitration. As set forth previously, I reject any assertion that plaintiff is not entitled to all its fees associated with the action to compel arbitration. Defendant further seeks to limit plaintiff's fees to those specific to the federal court action in the District of South Dakota. I decline to limit the fees as requested. The parties' contract clearly required defendant to submit to arbitration. Federal law clearly required defendant to submit to arbitration. Plaintiff clearly filed the state court action in Washington only to preserve its lien remedies under Washington state law. Plaintiff clearly set forth in that case that it was not seeking to litigate that case but that it was just

filed as a protective matter. Any and all attorneys' fees expended in that action after the filing were caused by defendant's refusal to submit its claims and defenses to arbitration.

Defendant's actions in trying to litigate its contract defenses in the Washington state court action after the arbitration proceedings commenced were not done in good faith but were instead done to thwart arbitration.

Plaintiff is entitled to all attorneys' fees and expenses of Mr. Hall. Mr. Hall is a very experienced attorney who has extensive experience in construction contract law and in arbitration. His fee of $275 per hour is very reasonable in light of his nationwide experience. I find that the 50.6 hours expended were reasonable. Plaintiff is entitled to reimbursement for Mr. Hall's fees in the amount of $13,915 plus South Dakota sales tax in the amount of $904.47, for a total of $14,819.47.

Plaintiff is entitled to all the attorneys' fees and expenses of Ms. Leland. She is also an experienced attorney. Plaintiff seeks to be reimbursed for her services at the rate of $315 per hour. Defendant did not object to that hourly fee. I find that the 45.1 hours expended by Ms. Leland were reasonable and were caused by defendant's unreasonable action in pursuing its claims and defenses outside of the arbitration proceeding. I find that plaintiff is entitled to reimbursement for Ms. Leland's fees in the amount of $11,800.50. Plaintiff is also entitled to be reimbursed for Ms. Leland's computerized legal research expenses in the amount of $727.30. All other expenses set forth in Ms. Leland's affidavit are more properly sought as costs. Those costs, however, were incurred in the Washington state court case and not this federal case. They would not have been reimbursable costs as to this action.

Defendant suggests that plaintiff's request for attorneys' fees is premature. I disagree. It is possible that the arbitration award will include attorneys' fees incurred as a result of the claimed breach of contract. However, plaintiff seeks attorneys' fees only in conjunction with compelling defendant to arbitrate and resisting defendant's attempts to litigate plaintiff's breach of contract claim and defendant's counterclaims and defenses in Washington state court. It is not appropriate to defer on an award of attorneys' fees until the conclusion of arbitration.

4

Based upon the foregoing,

IT IS ORDERED that plaintiff's motion, Doc. 17, for attorneys' fees is granted. Defendant shall pay attorneys' fees and expenses in the amount of $27,347.27.

DATED this 14th day of December, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge